918 F.2d 174
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Douglas FULTON, Defendant-Appellant.
 No. 90-5187.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 16, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-89-27-07)
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Douglas Fulton pled guilty to possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)) and carrying a firearm in the commission of a drug crime (18 U.S.C. Sec. 924(c)). He appeals the sentence imposed under the Sentencing Guidelines, contending that the district court erred in denying him a reduction in the offense level for acceptance of responsibility. We affirm.
 
 
 2
 When first arrested and questioned by federal agents, Fulton readily admitted that he had possessed cocaine and a gun, but lied about where he had gotten the gun until confronted with evidence which contradicted his statement. He was released on bond pending trial and failed to appear; several months later, he was again arrested at his girlfriend's apartment.
 
 
 3
 At sentencing, Fulton's base offense level was enhanced by two levels for obstruction of justice under U.S.S.G. Sec. 3C1.1. He requested and was denied a two-level reduction for acceptance of responsibility. Fulton contends that he showed acceptance of responsibility by readily admitting his offense after arrest and by pleading guilty. He argues that his is an extraordinary case meriting the reduction in spite of his obstruction of justice because (1) he did not obtain the gun specifically in order to commit a drug offense, and therefore his lie was insignificant, and (2) he failed to receive notice of his court date because he had no fixed address.
 
 
 4
 The district court's determination is a factual one reviewed under the clearly erroneous standard. United States v. White, 875 F.2d 427 (4th Cir.1989). The mere fact that a defendant pleads guilty does not automatically entitle him to a finding that he has accepted responsibility for his criminal conduct. Id. After a review of the record, we find no error in the district court's determination. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.